UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DEBORAH HOBBS, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　-against-<br><br>GENESYS TECHNOLOGY N.V. d/b/a JUMBA BET<br><br>　　　　　　　　Defendant. | Case No.:　3:23-CV-413-CHB<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Deborah Hobbs ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Genesys Technology N.V. d/b/a Jumba Bet. ("Jumba" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## INTRODUCTION

1. Defendant owns and operates the popular online casino website Jumbabet.com. Jumba Bet was launched in 2016 under the Funky Fortunes brand licensed in Curaçao. Defendant touts its website as a "vibey casino" with "a stable reputation and "a strong following of loyal members."[1]

2. Defendant offers 280 unique casino games on the Jumba Bet website, including slots, poker, table, and other games.

---

[1] https://www.jumbabet.com/about-us



3. By operating its online casinos, Defendant has violated Kentucky law, which governs Plaintiff's and the Class's claims, and has illegally profited from tens of thousands of consumers. Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this lawsuit to recover their losses, as well as costs and attorneys' fees.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the Class is a citizen of a State different from the Defendant.

5. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this District and a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and because Defendant transacts business and/or has agents within this District.

## PARTIES

7.      Plaintiff Deborah Hobbs is a natural person and a citizen of the Commonwealth of Kentucky, residing in Willisburg, Washington County, Kentucky.  Plaintiff has gambled and lost thousands of dollars gambling on Jumbabet.com.

8.      Defendant Genesys Technology N.V. is registered and located in Curaçao, with a business address located at Heelsumstraat 51 E-commerce Park Curacao.[2]  Defendant owns and operates the online casino website Jumbabet.com, and conducts business throughout this District, the Commonwealth of Kentucky, and the United States.

## FACTUAL ALLEGATIONS

**A Brief Introduction to Defendant and Its Games**

9.      Defendant owns and operates the Jumbabet.com website, where visitors can gamble real money online.  The process for getting set up on Jumbabet.com is incredibly simple.  First, a user simply inputs their information on the "sign up" page.

---

[2] A N.V., or "Naamloze Vennootscha" company is similar in structure to a United States c-corporation.  *See* https://www.doingbusinessdutchcaribbean.com/curacao/structures-for-doing-business-cur/the-public-limited-liability-company-n-v-cur/



10. Once a user creates their account, they can immediately deposit money. Deposits can be made with cryptocurrency, cryptocurrency broker Unblock.co, or by credit card. Regardless of deposit method, deposits are instantly available for gambling.



4

11. Users can then gamble their deposited money on one of Defendant's 280+ casino games.





5



12. Players are able to cash out their winnings, if any, through Defendant's payment platform.

13. Notably, all outcomes in Defendant's games are based entirely on chance.

14. Defendant maintains win and loss records and account balances for each consumer. Indeed, once Defendant's algorithms determine the outcome of a game and Defendant displays the outcome to the consumer, Defendant adjusts the consumer's account balance. Defendant keeps records of each wager, outcome, win, and loss for every player of the games.

## CLASS ALLEGATIONS

15. Plaintiff seeks to represent a class defined as all individuals who, in the Commonwealth of Kentucky, gambled and lost $5.00 or more within a 24-hour period on Jumbabet.com during the applicable limitations period. (the "Class").

16. Specifically excluded from the Class is Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals,

servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

17. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

18. **Numerosity**. On information and belief, tens of thousands of consumers fall into the definition of the Class. Members of the Class can be identified through Defendant's records, discovery, and other third-party sources.

19. **Commonality and Predominance**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    Whether Plaintiff and Class members' play on Defendant's casino games constitutes gambling under Kentucky law;

    (b)    Whether Plaintiff and the Class lost money gambling to Defendant as defined by KRS § 372.010 *et. seq.*; and

    (c)    Whether Plaintiff and the Class are entitled to recover their monies spent on Defendants' casino games pursuant to KRS § 372.020 and/or KRS § 372.040.

20. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are

no defenses available to Defendant that are unique to Plaintiff.

21. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

22. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would thus be virtually impossible for the Class to obtain effective redress for the wrongs committed against the members on an individual basis. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## CAUSES OF ACTION

### COUNT I
### Violation of KRS § 372.010, *et. seq.*
### (On Behalf Of The Class)

23. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24. The Commonwealth of Kentucky's "Recovery of money lost at gambling" statute,

KRS § 372.020, provides a losing gambler with a first-party cause of action to recover any losses suffered. It reads:

> If any person loses to another at one (1) time, or within twenty-four (24) hours, five dollars ($5) or more, or anything of that value, and pays, transfers or delivers it, the loser or any of his creditors may recover it, or its value, from the winner, or any transferee of the winner, having notice of the consideration, by action brought within five (5) years after the payment, transfer or delivery. Recovery may be had against the winner, although the payment, transfer or delivery was made to the endorsee, assignee, or transferee of the winner. If the conveyance or transfer was of real estate, or the right thereto, in violation of KRS 372.010, the heirs of the loser may recover it back by action brought within two (2) years after his death, unless it has passed to a purchaser in good faith for valuable consideration without notice.

KRS § 372.020.

25. Defendant's casino games constitute gambling because the players provide consideration (e.g., money) and by an element of chance (e.g., by spinning a virtual slot machine, playing a turn in a poker game, etc.) create a right to some things of value (e.g., money).

26. As such, Plaintiff and the Class gambled when they deposited money on Jumbabet.com and played Defendant's games.

27. As a direct and proximate result of Defendant's operation of its games, Plaintiff and each member of the Class have lost money wagering at Defendant's games of chance. Plaintiff, on behalf of herself and the Class, seeks an order (1) requiring Defendant to cease operation of its gambling devices; and/or (2) awarding the recovery of all lost monies, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable.

28. Plaintiff additionally seeks treble damages pursuant to KRS § 372.040.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying this action as a class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

(b) For compensatory damages on all applicable claims and in an amount to be proven at trial;

(c) For restitution on all applicable claims and in an amount to be proven at trial;

(d) For an order requiring Defendant to disgorge, restore, and return all monies wrongfully obtained together with interest calculated at the maximum legal rate;

(e) For treble damages pursuant to KRS § 372.040;

(f) For an order enjoining the wrongful conduct alleged herein;

(g) For other appropriate injunctive and other equitable relief;

(h) For costs;

(i) For pre-judgment and post-judgment interest as provided by law;

(j) For attorneys' fees under the account contracts, the common fund doctrine, and all other applicable rules and law; and

(k) For such other relief as the court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 7, 2023

Respectfully submitted,

/s/ *Philip G. Fairbanks*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
pgf@austinmehr.com
bkh@austinmehr.com

and

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
Alec M. Leslie*
Matthew A. Girardi*
Julian C. Diamond*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
         aleslie@bursor.com

*Attorneys for Plaintiff and the Putative Class*

* *Pro hac vice* application forthcoming

11