UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH HOBBS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 3:23-CV-413-CHB |
| | ) ) | |
| v. | ) ) | **MEMORANDUM ORDER AND OPINION** |
| GENESYS TECHNOLOGY N.V., *d/b/a* Jumba Bet, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on Plaintiff Deborah Hobbs's Motion for Leave to Amend Complaint, [R. 36], and her Response to Order to Show Cause, [R. 38]. On April 14, 2025, the Court ordered Hobbs to "file either (1) an apt motion (reflective of case status), or (2) a general case status report – whichever plaintiff perceives to be appropriate in the circumstances," after noting "a need to set the case on track towards resolution." [R. 35]. Hobbs subsequently filed her Motion for Leave to Amend Complaint, [R. 36]. "[P]ursuant to Federal Rules of Civil Procedure 15(a)(2)," Hobb's Motion seeks leave "to file a Second Amended Complaint . . . that adds in a new class representative John Doe and [ ] to dismiss her claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2)." *Id.* at 1.

The April 14, 2025, Order stated that proof of service had been entered for both defendants. [R. 35]. However, upon further review, the Court determined that there had not been sufficient proof of service entered for Defendant Genesys Technology N.V. ("Genesys"). *See* [R. 37 (explaining the relevant procedural posture and noting that "[t]he record, to date, does not reflect service on Defendant Genesys")]. Therefore, on May 27, 2025, the Court ordered Hobbs to show

cause as to "why her case against Defendant Genesys should not be dismissed for Rule 4(m) non-compliance." *Id.* Hobbs timely responded. [R. 38].

Although Defendant T.D. Investments LTD ("T.D.") was served pursuant to Rule 4(f)(1) on March 5, 2025, *see* [R. 34], it has not made an appearance in this case. Accordingly, it has not responded to Hobbs's Motion for Leave to Amend Complaint, and the time to do so has passed. *See* L.R. 7.1(c). The matter is thus ripe and ready for review. For the following reasons, the Court will grant Hobbs's Motion in part and deny it in part.

## I.    BACKGROUND

Hobbs filed her initial Complaint, [R. 1], on August 7, 2023, asserting a claim under Ky. Rev. Stat. § 372.020 ("Recovery of gambling losses from winner or his transferee"), against Genesys for its operation of the online-gambling website Jumbabet.com. *See generally id.* She brought the Complaint on behalf of herself and "a class defined as all individuals who, in the Commonwealth of Kentucky, gambled and lost $5.00 or more within a 24-hour period on [Defendants' website] during the applicable limitations period" (the "Class"). *Id.* ¶ 15. She sought and was granted leave to file a nearly identical Amended Complaint, adding claims against T.D., which she alleges has acquired the Jumbabet website. *See* [R. 14, ¶ 4]; [R. 16]; [R. 17 (Amended Complaint)]. In essence, Hobbs alleges that "[b]y operating [their] online casino, Defendants [ ] violated Kentucky law, which governs Hobbs's and the Class's claims, and has illegally profited from tens of thousands of consumers," and she is seeking to "recover their losses, as well as costs and attorneys' fees." [R. 17, ¶ 3].

## II.    ANALYSIS

Through her Motion, Hobbs seeks to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which names John Doe ("Proposed Plaintiff Doe") as the class

representative, and to dismiss her claims against Defendants without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* [R. 36]. As discussed, neither Defendant has appeared nor responded to the Motion.

According to the Motion, Hobbs's attorney was informed by Elizabeth Rocha and Eugene Rome, purportedly counsel for T.D., that Hobbs and Genesys had apparently reached a settlement regarding her claims against them (and, presumably, T.D.) on August 24, 2023. [R. 36, ¶¶ 9–10]. These discussions took place without the involvement of Hobbs's counsel. *Id.* ¶ 10. Hobbs's counsel has also been retained by an additional class member, Proposed Plaintiff Doe, "who is proceeding under a pseudonym to obviate the possibility of future unauthorized communications to a represented party by Defendants or their counsel." *Id.* ¶¶ 11, 14. Hobbs requests leave to amend "[g]iven the potential issues posed by the Purported Settlement, . . . so that a named plaintiff not subject to these potential issues may pursue a default judgment and subsequent collection on behalf of themselves and the putative class." *Id.* ¶ 14. The Second Amended Complaint is identical to the Amended Complaint except for the information regarding Hobbs and Proposed Plaintiff Doe. *See* [R. 36-1].

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the Rule states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (same). Moreover, "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman*, 896 F.3d at 736 (cleaned up).

Defendants have not opposed the Motion and therefore have not identified any reason it should be denied, such as undue delay, bath faith, or prejudice. *See id.* Nor can the Court discern any reason. Hobbs filed her Motion less than three weeks after her counsel, the proposed class counsel, was notified of her *pro se* purported settlement. Moreover, the claims remain the same against Defendants and, according to Hobbs's representations, Proposed Plaintiff Doe has been a member of the proposed class all along. *See* [R. 36, ¶¶ 17–18]; [R. 36-2, ¶ 12]. *Cf. Shupe v. Rocket Cos., Inc.*, 348 F.R.D. 431, 440 (E.D. Mich. 2024) (finding no prejudice when proposed substitute for a subclass representative "[would] not add any new claims" or "cause [the d]efendants to assert any new defenses"). Finally, defense counsel and Defendants are obviously aware of the instant action, despite their failure to appear, and were warned this Motion was forthcoming by Hobbs's counsel. *See* [R. 36, ¶ 13].

Although none of the traditional reasons identified in *Forman* counsel against granting leave to amend, the Court must address two unique aspects of this case: First, the proposed substitution of another alleged class member for the named plaintiff. Second, the ability for Proposed Plaintiff Doe to proceed under a pseudonym.

The Court must evaluate Hobbs's proposed substitution in light of the general principle that "'[s]ettlement of a plaintiff's claims moots an action.'" *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (quoting *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993)). Importantly, "[w]hen class actions are involved, however, the Supreme Court has explained that 'the Art[icle] III mootness doctrine' is 'flexible.'" *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980)).

Hobbs argues that "substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an

unexceptionable (routine) feature of class action litigation." [R. 36, ¶ 16 (cleaned up) (quoting *Healey v. Louisville Metro Gov't*, 2024 WL 3553851, at *3 (W.D. Ky. July 26, 2024) (quoting *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006)))].

The case Hobbs relies on, however, involves substitution of the named plaintiff *after* certification. *See Healey*, 2024 WL 3553851, at *3. The Sixth Circuit has held that

> [t]he general rule is that "*once a class is certified*, the mooting of the named plaintiff's claim does not moot the action, [and] the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists." [*Brunet*, 1 F.3d at 399] (emphasis in original). . . . "Where, on the other hand, the named plaintiff's claim becomes moot before certification," the ordinary rule is that "dismissal of the action is required." [*Id.*] (emphasis in original).

*Wilson*, 822 F.3d at 942 (cleaned up). This general rule, however, is subject to several exceptions. As relevant in this case, the Sixth Circuit has recognized a "picking off" exception to mootness in class actions for situations in which "the defendant is on notice that the named plaintiff wishes to proceed as a class, and . . . therefore might strategically seek to avoid that possibility . . . [by] strategically mooting named plaintiffs' claims in an attempt to avoid a class action." *Id.* at 947.

Defendants' actions in this case suggest they are "strategically avoiding litigation by settling or buying off individual named plaintiffs in a way that 'would be contrary to sound judicial administration.'" *See Unan v. Lyon*, 853 F.3d 279, 285 (6th Cir. 2017) (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980)). First, defense counsel apparently negotiated (or attempted to negotiate) a settlement with Hobbs—a represented party—without her counsel's knowledge or involvement. [R. 36, ¶ 10 ("[C]ounsel for Plaintiffs was notified by [defense counsel] that Plaintiff Hobbs had reached a purported settlement with Defendant Genesys . . .. The Purported Settlement was negotiated and executed without Plaintiff's Counsels' knowledge or involvement."); [R. 36-2, ¶ 8 (same)]. As the Sixth Circuit has noted, "the canons preclude a lawyer not only from communicating with a represented adversary but also (for the most part) from

- 5 -

helping his client do so." *See Russell v. Citigroup, Inc.*, 748 F.3d 677, 680 (6th Cir. 2014) (citing *Restatement (Third) of the Law Governing Lawyers* § 99, cmt. k (2000)); *see also Cox v. Specialty Vehicle Sols. LLC*, No. 20-5036, 2022 WL 1448679, at *5 (6th Cir. May 9, 2022) (noting that "in most states, it is considered an ethical violation for an attorney to directly negotiate with an opposing party who is represented by counsel" (citing Model Rules of Pro. Conduct r. 4.2 (A.B.A.1980)).

Moreover, the settlement purportedly occurred over eighteen months before defense counsel first contacted Hobbs's counsel. *See* [R. 36, ¶¶ 9–10 (asserting that Hobbs's counsel was first contacted on March 31, 2025, and that the settlement was apparently reached on August 24, 2023)]; [R. 36-2, ¶¶ 7–8 (same)].[1] The Court recognizes that, due to complications with international service, T.D. was not formally served until March 3, 2025. *See generally* [R. 32]; [R. 33]; [R. 34]. However, it seems clear T.D. (and its predecessor Genesys) have been aware of the pending action and have had retained counsel since at least August 2023, the date of the purported settlement. *See, e.g.*, [R. 36-2, ¶ 8]. Even excusing the counsel's earlier failure to appear due to lack of formal service, to date, defense counsel still has not appeared—let alone filed an answer or appropriate motion—in the almost four months since service was effectuated.

The Court can reach no conclusion, on the facts before it, but that the defendants are attempting to "strategically avoid[] litigation by settling or buying off individual named plaintiffs in a way that 'would be contrary to sound judicial administration.'" *See Unan*, 853 F.3d at 285 (quoting *Roper*, 445 U.S. at 339). The Sixth Circuit has not squarely addressed the picking off exception in the context of voluntary settlement, but has suggested it may be applicable because

> the proper focus of this exception is on *the defendant's* behavior to avoid a class action. How the defendant is actually successful—whether through unilateral action

---

[1] The Court also takes note that Plaintiff herself apparently did not inform her own counsel of this settlement in the intervening time. *See* [R. 36, ¶ 10 n.2]; [R. 36-2, ¶ 9].

or settlement with the named plaintiffs—does not affect the policy rationales underlying this exception, such as thwarting defendants' efforts to "frustrate the objectives of class actions" or preventing "waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Roper*, 445 U.S. at 339.

*Wilson*, 822 F.3d at 951 n.5 (emphasis in original); *see also Pettrey*, 584 F.3d at 707 ("Such a concern [of picking off] would arise when a defendant attempts to eliminate the named plaintiffs *at the outset of the class action by conveying an offer of judgment or settlement with the named plaintiffs before* or immediately after *a class certification motion is filed*." (emphasis added)). *But see Wolschlager v. L. Offs. of Mitchell D. Bluhm & Assocs., LLC*, 366 F. Supp. 3d 888, 893 n.3 (W.D. Mich. 2017) (suggesting that *Wilson*'s comment on voluntary settlement is inapplicable to actions without a certified class and unpersuasive); *Rodriguez v. Premier Bankcard, LLC*, No. 3:16CV2541, 2019 WL 2567722, at *3–4 (N.D. Ohio June 21, 2019) (finding picking off exception did not apply when the plaintiff's voluntarily accepted settlement including costs and attorney's fees). In any case, the Court could not have certified a class before service was effectuated, more than a year *after* the purported settlement was executed. *Cf. Miller v. United Debt Settlement, LLC*, No. 2:22-CV-2210, 2025 WL 1474661, at *1 (S.D. Ohio May 22, 2025) (vacating order to certify class upon learning that the defendants were not properly served). Finally, a Court in this district found that "[t]he timing of [settlement] offers suggest[ed] that [the defendant] sought to pick off [the named plaintiffs] in order to avoid potential liability to a class" when the defendant "made its offers of judgment less than two months after [the] purported class action was filed—before it responded to the complaint and before Plaintiffs sought certification of a class." *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-CV-819-DJH, 2016 WL 5661525, at *7 (W.D. Ky. Sept. 29, 2016), *aff'd*, 897 F.3d 747 (6th Cir. 2018) (applying the picking off exception and finding the defendant's unaccepted offer of judgment ineffective to moot the case).

Other district courts within the Sixth Circuit have allowed named plaintiffs to substitute another, previously unnamed member of the class to be the class representative. For example, in *LaDrigue v. City of Bay City*, No. 1:19-CV-11196, 2022 WL 1205000 (E.D. Mich. Apr. 22, 2022), the lead plaintiff wanted to step down and substitute another member of the class as the putative representative. *See id.* at *1–2. The court permitted the substitution, finding the substitute's "addition [ ] reasonably necessary to prevent the case from being dismissed for either mootness or failure to prosecute" because she "and other absent class members should not be punished simply because their putative representative has decided to 'move on.'" *Id.* at *3 (citing *Phillips*, 435 F.3d at 788); *see also Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 159–160 (6th Cir. 2010) (noting, after finding the plaintiff's claims moot, that "unlike in *Geraghty,* no specific member of the putative class ha[d] sought to be substituted as a named plaintiff in an attempt to preserve the live nature of th[e] controversy"). Courts have also justified similar substitutions by noting that substitution has "the effect of conserving judicial resources and the resources of the [p]arties," *Thorn v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *3 (S.D. Ohio June 6, 2013), and "promote[s] judicial economy." *McKinney v. Bayer Corp.*, No. 1:10-CV-00224, 2011 WL 2553304, at *2 (N.D. Ohio June 28, 2011). The fact that service took nearly two years in this case supports the fact that judicial economy would be furthered by permitting substitution. The Court also notes that, in each of those cases, the substitution was opposed by the defendants. *See LaDrigue*, 2022 WL 1205000, at *2; *Thorn*, 2013 WL 2456336, at *2; *McKinney*, 2011 WL 2553304, at *2. Here, as discussed, Defendants have not appeared, let alone opposed the motion.

The Court now turns to whether Proposed Plaintiff Doe may proceed pseudonymously.[2] Despite the obvious lack of opposition from Defendants at this time, "the Court finds it appropriate to analyze this issue given that 'proceeding pseudonymously is the exception, rather than the rule.'" *See Doe v. Alhakari*, No. 3:24-CV-00745, 2025 WL 1485337, at *1 (M.D. Tenn. Feb. 4, 2025) (quoting *Doe v. Franklin Cnty.*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013)); *id.* at *1 n.1 (noting that it had an "additional reason to analyze [the p]laintiff's request to proceed pseudonymously even though the request [was] not opposed" because "[o]ther circuits have found it improper to grant an unopposed motion to litigate anonymously without an accompanying explanation" (collecting cases)). The general rule is that "a complaint must state the names of the parties, and an action must be prosecuted in the name of the real party in interest." *Id.* at *1 (citing Fed. R. Civ. P. 10(a), 17(a)(1)). However,

> "under certain circumstances that justify an exception," a plaintiff is permitted to proceed under a pseudonym. Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court, but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings.

*Id.* (internal citations omitted) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). The Sixth Circuit has outlined four factors for weighing a plaintiff's request to proceed pseudonymously:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

---

[2] The Court uses the term "pseudonymously," but notes that cases on this topic tend to use "pseudonymously" and "anonymously" interchangeably. The Court notes that the two are different, but it "need not attempt to split that etymological hair." *See, e.g.*, *C. S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-CV-634-JES-MRM, 2021 WL 7448023, at *1 n.4 (M.D. Fla. June 11, 2021) (discussing pseudonymity and anonymity); *cf. United States v. Chatrie*, 136 F.4th 100, 143 n.1 (4th Cir. 2025) (Berner, J., concurring) (noting that "pseudonymized data is not necessarily anonymous" because it still contains some identifying information).

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). These "*Porter* factors" are non-exhaustive and no single factor is determinative. *See Alhakari*, 2025 WL 1485337, at *2 (citations omitted). "The court may exercise its discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable standard is whether 'a plaintiff's privacy interests *substantially outweigh* the presumption of open judicial proceedings.'" *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (emphasis in original) (quoting *Porter*, 370 F.3d at 560). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Id.* (collecting cases).

Hobbs argues that Proposed Plaintiff Doe proceeding pseudonymously is necessary "to obviate the possibility of future unauthorized communications to a represented party by Defendants or their counsel." [R. 36, ¶ 14]. Hobbs does not cite the *Porter* factors and offers no authority to support Proposed Plaintiff Doe proceeding in this way, stating only that "Defendants would, of course, be free to contest Proposed Plaintiff Doe proceeding in such a manner, should they appear." *Id.* ¶ 14 n.3. As far as the Court is able to discern, none of the *Porter* factors are obviously applicable. *See Porter*, 370 F.3d at 560.

The Court also cannot identify any specific risk to Proposed Plaintiff Doe by proceeding without a pseudonym, except should opposing counsel contact Proposed Plaintiff Doe without proceeding through counsel. *Cf. Fedex Ground Package Sys.*, 2021 WL 5041286, at *5. The Court is deeply troubled by the apparent attempts to circumvent proper litigation procedures, and presumes it will not happen again.

That being said, the Court takes this opportunity to remind defense counsel—who, despite their lack of appearance, are apparently apprised of the case—of their ethical obligations surrounding communication with represented parties and warns that further violations could result in disciplinary action. The Court will also deny Hobbs' request without prejudice and permit her to file an additional motion about Proposed Plaintiff Doe proceeding pseudonymously that more fully develops her argument and cites relevant authority.

Therefore, the Court will grant Hobbs's motion to the extent she seeks to file a second amended complaint with Proposed Plaintiff Doe as the lead plaintiff. However, it denies her request to allow Proposed Plaintiff Doe to proceed under a pseudonym.

Hobbs also requests that the Court dismiss her claims against Defendants without prejudice. [R. 36, ¶ 14]. However, the Court understands this request to be conditional on it permitting the filing of the Second Amended Complaint attached to her Motion. *See id.* Given that the Court will not permit the substituted Plaintiff to proceed pseudonymously, there would be no plaintiff if Court were to dismiss Hobbs's claims now. Therefore, the Court will deny Hobbs's request to dismiss her claims without prejudice. The Court also notes that, as Defendants have not appeared, Plaintiff is free to file a notice of dismissal under Rule 41(a)(1)(A)(i) once a proper Second Amended Complaint is filed.

## III. CONCLUSION

The Court will briefly address Hobbs' Response to the Order to Show Cause regarding service on Defendant Genesys. *See* [R. 37]; [R. 38]. The Court ordered Hobbs to show cause "why her case against Defendant Genesys should not be dismissed for Rule 4(m) non-compliance." [R. 37, p. 2]. Although the Response indicates that neither she nor Proposed Plaintiff Doe would oppose the dismissal of Defendant Genesys, *see* [R. 38, p. 1], the Sixth Circuit has not squarely

addressed the time period for service on a foreign defendant and Federal Rule of Civil Procedure 4 does not provide one. *See* Fed. R. Civ. P. 4(m) (noting that the ninety-day time limit does not apply to defendants served in a foreign country pursuant to Rule 4(f)); *Greanex LLC v. Triem*, No. CV 20-36-DLB, 2021 WL 1230484, at *3 (E.D. Ky. Mar. 31, 2021) ("Although the Sixth Circuit has not spoken directly on the matter, most circuits having addressed the issue have held that a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." (cleaned up)). It does, however, appear to the Court that Hobbs does not wish to prosecute her claims against Genesys.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Leave to Amend Complaint, [**R. 36**], is **GRANTED** to the extent it seeks to substitute another named plaintiff for Plaintiff Hobbs and it is **DENIED WITHOUT PREJUDICE** to the extent it asks the Court to permit the substitute plaintiff to proceed pseudonymously. The request to dismiss the claims by Hobbs is also **DENIED without prejudice**.

2. Plaintiff Hobbs **SHALL** file a Second Amended Complaint **including the name of Proposed Plaintiff Doe** no later than **30 days after the entry of this order OR** a motion regarding her request for Proposed Plaintiff Doe to proceed pseudonymously including citations to relevant authority.

3. Plaintiff Hobbs or her substitute has **30 days** to **FILE** a statement indicating whether she wishes to litigate the case against Defendant Genesys. She **SHALL FILE EITHER** a substantive status update on service attempts on Genesys **OR**, she is **WARNED**, the Court will dismiss the claims against Genesys for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41.

This the 8th day of July 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record